# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *  *
DONNA J. BUMBALOUGH,                  *   No. 08-735V
                                      *   Special Master Christian J. Moran
              Petitioner              *
                                      *
v.                                    *   Filed: October 14, 2016
                                      *
SECRETARY OF HEALTH                   *   Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
* * * * * * * * * * * * * * * * * * *  *
```

Elaine W. Sharp, Whitfield, Sharp & Sharp, Marblehead, MA, for Petitioner;
Heather L. Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.

### PUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

Petitioner Donna Bumbalough filed her application for attorneys' fees and costs on May 30, 2016. The petitioner is awarded **$107,335.13.**

\*   \*   \*

Ms. Bumbalough filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 through 34 (2012), on October 16, 2008. The petition alleged that Ms. Bumbalough suffered from Guillain-Barré syndrome ("GBS") after she received the influenza vaccine on October 17, 2005. See Pet., filed Oct. 16, 2008.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The petitioner actively litigated this case for almost eight years.

The petitioner filed a statement of completion in September 2010, almost one year after the petition was filed. Respondent filed her Rule 4 report in April 2011, and the petitioner filed a letter from the petitioner's treating physician, Dr. Bergia, in August 2011. By January 2012, the parties were engaged in settlement discussions. The petitioner initially had a deadline for filing her life care plan in March 2012. However, after multiple extensions, the petitioner filed her life care plan in July 2012, and communicated her demand to respondent in August 2012. Settlement discussions proceeded through March 2013, when the petitioner filed a report by Dr. Worden.

In April 2013, the undersigned held a status conference and issued an order requiring the petitioner to file a supplemental expert report response to Althen. Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). After multiple extensions of time, the petitioner filed an expert report in September 2013, by Dr. Byers. In March 2014, the Secretary filed a responsive expert report, and in April 2014, the undersigned scheduled a hearing for October 2014. During this time, the parties resumed settlement discussions.

In June 2014, the petitioner reported that she had retained another expert, Dr. Utz. In July 2014, the undersigned cancelled the hearing scheduled for October 2014. In September 2014, the petitioner filed an expert report by Dr. Utz. The report was supplemented in November 2014, and the Secretary filed a responsive report in December 2014. In January 2015, the petitioner's case was reassigned to another special master.

In March 2015, the petitioner filed a report from a fourth expert, Dr. Steinman, and in May 2015, the Secretary filed another responsive expert report. In September 2015, the special master scheduled an entitlement hearing for July 2016. In April 2016, the case was reassigned to the undersigned.

In May 2016, the parties reported a tentative agreement. In August 2016, the petitioner received compensation consistent with a joint stipulation. Decision, issued Aug. 19, 2016, 2016 WL 4987167.

In May 2016, the petitioner filed a motion for attorneys' fees and costs requesting $57,803.66 in fees and $56,109.98 in costs, for a total amount of $113,913.64. Pet'r's Mot. for Fees, filed May 30, 2016. The Secretary objected to the amount, stating that a reasonable amount is between $95,000 and $105,000, and suggesting the undersigned award attorneys' fees and costs within that range.

See Resp't's Resp., filed June 14, 2016, at 3.  The petitioner replied on July 8, 2016.  In her reply she conceded some deductions, but added additional time for omitted tasks and for her reply to respondent.  Pet'r's Reply, filed July 8, 2016, at 7.  Therefore, the petitioner now requests $60,264.88 in fees and $62,384.98 in costs, for a total amount of $122,649.86.  At this point, the motion is ready for adjudication.

\*     \*     \*

In this case, the petitioner received compensation, and thus is entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).  The ensuing question is the reasonable amount for attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.

The petitioner requests $60,264.88 in attorneys' fees.  Attorney Elaine Sharp performed most of the work and seeks compensation ranging from $350 to $390 per hour for 2008 to 2016.  Exhibit 196 at 1, 10, 32, 46, and 67.  Paralegals also assisted, and their proposed rates of compensation range from $115 to $130 per hour for 2008 to 2016.  Id. at 2, 3, 14, 41, and 49; Pet'r's Reply to Resp't's Resp., filed July 8, 2016, at 7.

The Secretary did not directly challenge any of the requested rates as unreasonable.  In the undersigned's experience, these rates are reasonable.  Yang v. Sec'y of Health & Human Servs., No. 10-33V, 2013 WL 4875120, at *4 (Fed. Cl. Spec. Mstr. Aug. 22, 3013).

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

Attorneys are expected to work efficiently by delegating appropriate assignments to paralegals, who may be compensated separately, and to secretaries, whose compensation is included in the attorney's hourly rate.  See Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n. 5 (Fed. Cir. 1983) (secretarial expenses are

3

covered by an attorney's hourly rate); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407–08 (1997) ("secretarial support is included within an attorney's hourly rate and is not reimbursable"); Riggins v. Sec'y of Health & Human Servs., No. 99–382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009) ("[T]he time spent by an attorney performing work that a paralegal can accomplish should be billed at a paralegal's hourly rate, not an attorney's"), mot. for rev. denied, (Dec. 10, 2009), aff'd, 406 Fed. Appx. 479 (Fed. Cir. 2011).

The undersigned conducted a line-by-line analysis of all the entries documented in the timesheets, despite the fact that when making reductions, a line-by-line evaluation of the fee application is not required. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *5 (quoting Wasson by Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482 (1991)).  There are three issues with the petitioner's timesheets:  (1) excessive billing for routine tasks; (2) paralegal work billed at an attorney rate; and (3) secretarial work billed at a paralegal rate.

The first issue, excessive billing for routine tasks, is one the petitioner's attorney has been made aware of before.  See Yang, 2013 WL 4875120, at *4 ("Petitioner's counsel . . . should not need fifteen minutes to review these [routine] orders . . . the undersigned finds that it is reasonable for petitioner's counsel to bill six minutes to review routine orders.").  Id. at *4.  Some examples in this case are 12 minutes to receive and review a notice of designation of electronic case, 12 minutes to receive and review a notice of appearance, 12 minutes to read a four sentence scheduling order, 12 minutes to read a six sentence scheduling order, and 12 minutes to receive and review respondent's unopposed motion to strike.  Exhibit 196 at 2, 3, 9, 11, and 38.  Excessive billing for routine tasks is unacceptable in the Vaccine Program.  See Yang, 2013 WL 4875120.

The second issue in the petitioner's attorney's billing is paralegal work being charged at an attorney rate.  Exhibit 196 at 12, 17, and 25 (preparing notice of intent to stay in the program, notice of filing of medical records, and notice of filing of an affidavit).  See Riggins, 2009 WL 3319818, at *25.

The third issue in the petitioner's attorney's billing is secretarial work being charged at a paralegal rate.  Exhibit 196 at 16, 40, and 52 (redacting personal identifying information, downloading records and saving them to the server, printing records).  See Bennett, 699 F.2d at 1145 n. 5.

There are other examples of these three issues.  For two reasons, however, the undersigned prefers not create a comprehensive litany of issues.  First, Ms.

4

Sharp helped her client obtain a stipulation and award.  Second, as a whole, Ms. Sharp's billing practices are some of the most detailed in the Vaccine Program.  Her invoices are organized, do not contain block entries, and are very detailed.  See exhibit 196 at 63 ("EWS prepared for and participated in a status conference.  Preparation included detailed review of Dr. Levinson's second supplemental report.").  Ms. Sharp's invoicing is to be commended, even if she could exhibit a bit more "billing judgment" prior to submitting her fees motion.  See Saxton, 3 F.3d at 1521 (requiring fee applicant to exercise "billing judgment").

In addition to the line-by-line evaluation, the undersigned has also considered the petitioner's counsel's fees in the context of the overall case, and experience with similar Vaccine Act litigation.  In short, all factors point to a finding that the petitioner's counsel has billed approximately 15 percent too many hours.  Admittedly, this estimate is not precise.  It is important to recall, however, that "the essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  Fox v. Vice, 563 U.S. 826, 838 (2011).  While not precise, the evidence marshalled above is adequate to accomplish "rough justice."  Accordingly, the undersigned finds an appropriate amount of attorneys' fees to be $51,225.15 (or $60,264.88 x .85).  This amount considers and includes the adjustments to the original billing made in the petitioner's reply regarding fees.

In addition to the award of attorneys' fees, the petitioner also requests $62,384.98 in costs.  The primary costs are for a consultant (Dr. Worden), three experts retained to testify (Dr. Byers, Dr. Utz, and Dr. Steinman), and a life care planner.

The petitioner's request includes an invoice from Dr. Worden requesting 125.5 hours, at $200 per hour, for a total of $25,100.  Attorneys may retain doctors to act as non-testifying consultants, who typically receive less per hour than testifying experts.  Riggins, 2009 WL 3319818, at *9; Schrum v. Sec'y of Health & Human Servs., 04-210V, 2007 WL 1772056, at *3 (Fed. Cl. Spec. Mstr. May 31, 2007).

Here, Dr. Worden's proposed hourly rate, $200 per hour, is reasonable.  However, his invoice did not adequately explain his activities.  See exhibit 202; Caves v. Sec'y of Dep't of Health & Human Servs., 111 Fed. Cl. 774, 781 (2013) (stating that a petitioner bears the burden of demonstrating his expert costs were in fact reasonable, "[r]egardless of whether a petitioner's costs are required to be documented in accordance with the Vaccine Guidelines").  Therefore, Dr.

Worden's hours are reduced by 25 percent.  The petitioner is awarded $18,825 (or $20,100 x .75) in costs for Dr. Worden.

Dr. Worden's report was practically adopted in its entirety by the first doctor the petitioner retained to testify, Dr. Byers.  Dr. Byers seeks compensation for three hours of work.  Exhibit 205.  Her fee of $1,050 is reasonable.

After Dr. Byers withdrew from the case, the petitioner retained Dr. Utz.  Dr. Utz's request (21 hours and 25 minutes) at $500 per hour is reasonable.  Given that Dr. Worden had already reviewed the petitioner's medical records, the time Dr. Utz spent independently reviewing those records is at the high end of the reasonable range.  Nonetheless, his fee of $10,625 is reasonable.

Similarly, Dr. Steinman spent 14.5 hours addressing relatively narrow issues.  Although he might have been quicker, 14.5 hours remains a reasonable amount of time.  Thus, Dr. Steinman receives all compensation requested, $7,250.

In sum, for costs, the only reduction is $6,275 for Dr. Worden.  Otherwise, the petitioner's requested costs are reasonable and documented.  Accordingly, the undersigned finds an appropriate amount of costs to be $56,109.98.

\* \* \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  §15(e).  The undersigned finds $107,335.13 ($51,225.15 in fees and $56,109.98 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards **$107,335.13** in attorneys' fees and costs.  This shall be paid as follows:

> **A lump sum payment of $107,335.13, in the form of a check made payable jointly to the petitioner and the petitioner's attorney, Elaine W. Sharp, Whitfield, Sharp & Sharp, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

**IT IS SO ORDERED**.

> S/Christian J. Moran
> Christian J. Moran
> Special Master